UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD J. FURA, JR.,

                        Plaintiff,

       v.                                      08-CV-0689

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Sr. U.S. District Judge

## **DECISION and ORDER**

       Plaintiff's attorney, Keith R. Wolfe, moves for an award of attorney's fees under 42 U.S.C. § 406(b). The Commissioner responds that he "has no objections to counsel's request for attorney fees pursuant to 42 U.S.C. § 406(b)," but requests that the Court review the matter to ensure there is a reasonable result.

**I.    BACKGROUND**

       The Plaintiff, Richard Fura, filed an application for Supplemental Security Income ("SSI") payments in 2001, asserting that he was disabled. Plaintiff's application initially was denied. On April 5, 2006, an Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. This decision became the final decision of the Commissioner of Social Security when the Appeals Council denied Plaintiff's request for review on May 14, 2008.

       Plaintiff filed suit in this Court on June 30, 2008 challenging the Commissioner's decision. On March 12, 2009, the parties consented to remand the action pursuant to

sentence 4 of 42 U.S.C. § 405(g). On March 22, 2010, an ALJ found that Plaintiff was disabled since his application for SSI benefits in 2001.

Plaintiff and his attorney entered into a fee agreement which provided that if Plaintiff's claim was favorably decided by the Social Security Administration ("SSA"), Plaintiff would pay his attorney a fee equal to 25% of the past-due benefits resulting from the claim. Dkt. 23-1 at 16. Plaintiff's total past-due benefits equal $69,665.00 and, pursuant to the fee agreement, 25% of the past-due benefits equals $17,416.25. On June 10, 2010, the Commissioner awarded $8,082.75 in attorney's fees for the work performed at the administrative level. That amount was subtracted from the 25% of the past-due benefits, leaving a remainder of $9,333.50 ($17,416.25 - $8,082.75 = $9,333.50). See Dkt. 23-1 at 36. On October 15, 2010, Plaintiff's attorney filed a motion seeking additional attorney's fees in the sum of $6,668.00 for the work performed at the district court level. Dkt. 23-1 at 23.

Despite the remaining amount of $9,333.50 that could be awarded to Plaintiff's attorney, he requests a fee in the sum of $6,668.00 based on the time that was actually spent on this case. The sole issue before the Court is whether the fee requested of $6,668.00 is reasonable.

## II.     DISCUSSION

Section 406(b) regulates attorney's fees for representation before the Commissioner of Social Security. It states in relevant part that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Section 406(b)

calls for courts to review fee agreements as an independent check to assure that they yield reasonable results in particular cases. See Wells v. Bowen, 855 F.2d 37, 41 (2d Cir. 1988). The claimant's attorney must show that the fee sought is reasonable for the services rendered. See Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

To determine the reasonableness of the fee, the court must: (1) give due deference to the intent of the parties; (2) determine whether the fee is within the 25% statutory limit; (3) determine if there was "fraud or overreaching in [the] making [of] the agreement;" and (4) determine if the amount requested "is so large as to be a windfall to the attorney." Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990).

Here, the amount requested of $6,668.00 is within the 25% statutory limit of past-due benefits. The Court does not find evidence of fraud or overreaching. Plaintiff acknowledges and agrees the claimed fee is fair. The government similarly agrees that the amount does not appear to be unreasonable. Moreover, Plaintiff acknowledges that his attorney is not requesting the balance of the 25% of past dues benefits under the retainer agreement, but an amount based on the work performed at the district court level. Dkt. 23-1 at 3.

The analysis does not, however, end there. A successful plaintiff may seek fees under both the EAJA and 42 U.S.C. § 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits." Gisbrecht, 535 U.S. at 794-95. The Commissioner correctly asserts that rulings in this Circuit have denied a request for attorney's fees pursuant to 42 U.S.C. § 406(b) because the plaintiffs failed to apply for EAJA fees. See, e.g., Garland v. Astrue, 492 F. Supp.2d 216, n. 6 (E.D.N.Y. 2007) (the court observed that it would have been entitled to

take into account plaintiff's attorney's failure to timely file a colorable EAJA application in determining the reasonableness of his 406(b) request); Iliceto v. Sec'y of Dep't of Health & Human Servs., No. CV-83-2160, 1990 WL 186254 at *1 (E.D.N.Y. Nov. 14, 1990) (reducing the amount of the Section 406(b) award by the amount that would have been obtained under the EAJA).  Under EAJA, courts cannot award attorney's fees in excess of $125 per hour unless the court determines that a special factor, "such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).

Here, Plaintiff's attorney is requesting a fee of $6,668.00 for 78.7017 hours (attorney time: 33.5517 hours and law clerk time: 45.15 hours) for work performed at the district court level.  Dkt. 23-1 at 24-27.  This figure amounts to an hourly rate of $150 for attorney time and $50 for law clerk time.   Although the hourly rate is higher than the statutory rate under EAJA, the Commissioner concedes that the rate "does not appear to be unreasonable."  Dkt. 26 at 1.  The Court agrees with the Commissioner and finds that a higher fee is justified.  See Trivelli v. Acting Comm'r of Soc. Sec., 07-CV-4329, 2010 WL 5476992 at *4 (E.D.N.Y. Dec. 30, 2010) (A $135 per hour rate was reasonable);

Lastly, the Court finds that the requested amount is not a windfall.  In determining the reasonableness of the fee, courts consider:

> (1) whether the attorney's efforts were particularly successful for
> the plaintiff, (2) whether there is evidence of the effort expended by
> the attorney demonstrated through pleadings which were not
> boilerplate and through arguments which involved both real issues
> of material fact and required legal research, and finally, and (3)
> whether the case was handled efficiently due to the attorney's
> experience in handling social security cases.

Porter v. Comm'r of Soc. Sec., 2009 WL 2045688 (N.D.N.Y. July 10, 2009); see Rowell v. Astrue, 2008 WL 2901602, at *4 (E.D.N.Y. July 28, 2008).

  Here, the attorney successfully represented Plaintiff on appeal.  Plaintiff ultimately was found to be disabled and awarded past-due benefits.  Moreover, the Commissioner agrees that the requested fee does not appear to be unreasonable because "the amount does not seem so large as to be a windfall to the attorney."  Dkt. 26 at 1.  Therefore, the Court finds that the fee requested is reasonable.  Because the requested fee is less than the amount the attorney could have sought under § 406(b), the award does not need to be adjusted to reflect amounts that may have been received under EAJA.

### III. CONCLUSION

  Accordingly, Plaintiff's Motion for Attorney's Fees in the amount of **$6,668.00** (Dkt. 23) is **GRANTED.**

IT IS SO ORDERED.

Dated: April 21, 2011

_____
Thomas J. McAvoy
Senior, U.S. District Judge